HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR10-5442RBL |
| Plaintiff, | |
| v. | ORDER |
| JOSE ORTEGA-BARRERA, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant Jose Ortega-Barrera's Motion to Suppress [Dkt. #29]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. INTRODUCTION

The defendant seeks to suppress over three pounds of methamphetamine discovered at his residence as a result of the execution of a search warrant issued by a Cowlitz County Superior Court Judge. He argues that the affidavit in support of the search warrant fails to establish a nexus between the place to be searched and any illegal activity. Alternatively, he argues that the Court should hold a *Franks* hearing because of material omissions in the affidavit. And, finally, he argues that the agents serving the search warrant violated Fed. R. Crim. P. 41 by failing to provide a copy of the search warrant to the occupants of the residence.

## II.  FACTS

The affidavit for the search warrant set forth the following in support of probable cause:

In early May, 2010, agents from the Cowlitz-Wahkiakum Narcotics Task Force obtained information from a confidential source that "Vickie" was selling methamphetamine.  According to the source, "Vickie" was a Hispanic female who worked at "El Tigre," a Hispanic grocery store in Longview, Washington, and whose husband was in custody on a drug charge.  Agents began to suspect that "Vickie" was actually Victoria Ortega-Barrera.  They ran a check on Victoria and determined that she lived at 99 Home Court, Kelso, Washington.

Thereafter, the affiant met with another confidential source who stated that a Hispanic female who works at the "El Tigre" store in Longview was selling large quantities of methamphetamine.  This second source told the agent that he/she has been present on multiple occasions when the woman sold over two ounces of methamphetamine at a time.  The second source provided directions to the woman's house, was driven to the area and pointed out the house, 99 Home Court, Kelso and indicated that is where the woman who works at "El Tigre" lives.  The second source was shown a photograph of Victoria Ortega-Barrera and identified her as the woman who lives at 99 Home Court and works at "El Tigre."  The second source was also shown a photograph of the defendant Jose Ortega-Barrera and identified him as Victoria's brother who the second source has seen at the "El Tigre" store in Longview.

On or about May 25, 2010, the affiant coordinated a controlled buy of methamphetamine from Victoria using the second confidential source.  The second source first went to "El Tigre" and met with Victoria who said she did not have any drugs with her.  Agents thereafter observed Victoria leave "El Tigre" in a silver 2001 Nissan Maxima.  She was followed until agents lost sight of her.  Shortly thereafter agents observed the unoccupied Nissan parked near 902 Kiltie Place, Kelso.  Agents eventually saw Victoria walking in the area of 902 Kiltie Place and briefly get into a dark passenger car parked nearby.  She then returned to the area of 902 Kiltie Place.  The second source was directed to call Victoria and inquire if she had methamphetamine for sale.  Victoria indicated she did and could meet the second source soon.  A very short time later Victoria was seen getting into her vehicle and she drove to her residence at 99 Home Court, Kelso.

ORDER
Page - 2

1    After being searched for drugs, excess money, and contraband, the second source was issued buy
2  money and dropped off near 99 Home Court. Agents observed the second source enter the residence and
3  leave a short time later. Under surveillance the whole way, the second source returned to the agents and
4  turned over a plastic baggy of white crystals that field tested positive for methamphetamine.

5    On the following evening, May 26, 2010, agents were conducting surveillance of 99 Home Court,
6  Kelso and observed Victoria leave the residence with several children in the silver 2001 Nissan. She was
7  stopped near her residence and arrested for delivery of methamphetamine. In her purse was over
8  $9,000.00 cash and a small baggy of methamphetamine.

9    At the same time as Victoria's arrest, agents were also watching 902 Kiltie Place, Kelso, and
10 watching the dark sedan that Victoria had been seen getting into the previous day. Later in the evening
11 agents observed a man enter the vehicle, a green 1995 Dodge Avenger, and drive away. Agents stopped
12 the vehicle and determined the driver was Arturo Espinosa-Jaime. His driver's license indicated that his
13 home address was 902 Kiltie Place, Kelso, Washington. Agents observed a methamphetamine pipe lying
14 on the console of the vehicle with residue in it. Espinosa-Jaimie was arrested and a search incident to
15 arrest uncovered methamphetamine in his pocket.

16   When questioned, Espinosa-Jaime admitted that he had been at 902 Kiltie Place, Kelso and that
17 "Ortega-Barrerra"[1] had been there when he arrived, although he initially denied he had been there.

18   A records check revealed that 902 Kiltie Place, Kelso is also the residence of Jose Luis Ortega-
19 Barrera. A criminal history check revealed that Jose Ortega-Barrera had a drug related arrest in
20 California, and there were indications that he had been previously deported under a different name.

## III. DISCUSSION

22   This Court's review of the "validity of a search warrant depends on the sufficiency of what is
23 found within the four corners of the underlying affidavit." *United States v. Taylor*, 716 F.2d 701, 705 (9th
24 Cir. 1983). The affidavit must establish probable cause to believe that contraband or evidence will be
25 found at the place to be searched. Fed. R. Crim P. 41. Probable cause exists when, considering the
26 "totality of the circumstances," an issuing judge can reasonably conclude that there is a "fair probability

---

[1] It is clear that the affiant is referring to Victoria because when the affiant is discussing Victoria he uses "Ortega-Barrera" and when he is referring to her brother, the affiant uses "Jose Luis Ortega-Barrera."

ORDER
Page - 3

that contraband or evidence of a crime will be found at a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing judge's finding of probable cause is entitled to great deference. *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990).

The affidavit need only establish "a reasonable nexus between the activities supporting probable cause and the locations to be searched." *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991). "In making this determination, the [issuing judge] may rely on the conclusions of experienced police officers regarding where evidence is likely to be found." *Id.*

Here, the Cowlitz County Superior Court Judge could "reasonably conclude" that evidence of drug trafficking could be found at 902 Kiltie Place, Kelso. When first approached by the second confidential source at "El Tigre," Victoria indicated she didn't have any drugs with her. Her vehicle was seen a short time later near 902 Kiltie Place, Kelso, a residence connected to her brother who had previously been arrested on drug charges in California. She was then seen in the area of 902 Kiltie Place entering and quickly exiting a dark green sedan. The second confidential source thereafter contacted Victoria and she indicated she now had the methamphetamine and they could meet soon. The second source and Victoria met a short time later at Victoria's residence where a methamphetamine transaction took place.

The next evening, Victoria was stopped after leaving her residence and found with $9,000.00 cash and a baggy of methamphetamine. At around the same time, Espinosa-Jaime, was stopped and questioned after being seen leaving the area of 902 Kiltie Place. He was in the green sedan that Victoria was seen in the day before. When stopped he had methamphetamine and a pipe in his possession. Espinosa-Jaime's driver's license indicated that he lived at 902 Kiltie Place. He admitted he had been at that residence and that Victoria had been there when he arrived.

Based upon the above-stated facts in the affidavit, it was reasonable for the issuing judge to conclude that Victoria obtained the drugs at 902 Kiltie Place. It was therefore a fair probability that drugs would be found there.

The defendant argues that he is entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), based on the affiant's omission of the fact that the agents never saw Victoria enter or leave 902 Kiltie Place, Kelso. In order to be entitled to a *Franks* hearing based on omissions from the affidavit, the

1 defendant must make a substantial preliminary showing that the affidavit contains misleading omissions
2 and that the affidavit cannot support probable cause without the allegedly false information. *United*
3 *States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir.), *cert. denied*, 531 U.S. 1000 (2000). The defendant has
4 failed to make this showing. The affidavit indicates that Espinosa-Jaime puts Victoria in the house at 902
5 Kiltie Place; therefore, the fact that the agents didn't see her enter or exit the residence does not defeat
6 probable cause to search 902 Kiltie Place, Kelso.
7     Finally, in his supplemental memorandum, the defendant argues that the agents violated Fed. R.
8 Crim. P. 41 by failing to provide a copy of the warrant to the defendant either before or after the search.
9 In *United States v. Gantt*, 194 F.3d 987 (9th Cir. 1999), the Ninth Circuit suppressed evidence obtained in
10 a search for the violation of the Rule.[2]   However, the Court recognized in *Gantt* that evidence should not
11 be suppressed unless there was a deliberate disregard of the rule or if the defendant was prejudiced.
12 *Gantt*, 194 F.3d at 994. Here, agents left a copy of the warrant with an adult occupant of the home, and
13 the defendant points to no prejudice resulting from the agents' actions. The Court will not suppress the
14 evidence based upon a possible technical violation of the rule where no prejudice occurred.
15     Defendant Jose Ortega-Barrera's Motion to Suppress [Dkt. #29] is **DENIED.**
16     **IT IS SO ORDERED.**
17 //
18 //
19 //
20 //

---

[2] In *United States v. Mann*, 389 F.3d 869, 875 fn. 1 (9th Cir. 2004), the Court indicates that the continuing validity of *Gantt* is questionable.

> We note that the continuing validity of our holding in *Gantt* has been directly called into question by at least one court. *See People v. Ellison*, 4 Misc.3d 319, 773 N.Y.S.2d 860, 868 & n. 5 (S.Ct.2004) (asserting that *Gantt* appears to have been "fully abrogate [d]" by the Supreme Court's decisions in *United States v. Banks*, 540 U.S. 31, 124 S.Ct. 521, 524-25, 157 L.Ed.2d 343 (2003), and *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 1292 & n. 5, 157 L.Ed.2d 1068 (2004)); *see also United States v. Katoa,* 379 F.3d 1203, 1205 (10th Cir.2004) ("As the Supreme Court recently reaffirmed in *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), the Fourth Amendment does not necessarily require officers to serve a warrant at the outset of a search"). While dicta in the Supreme Court's recent decision in *Groh v. Ramirez* casts serious doubt both on our interpretation of Rule 41 and our reasoning in *Gantt*, it fails definitively to abrogate our holding.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 15th day of November, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE